UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROLAND BARNES,

                              Plaintiff,

               -against-                              18-CV-12288 (CM)

CORRECT CARE SOLUTIONS; ORANGE                       ORDER TO AMEND
COUNTY JAIL MEDICAL DEPT.; DR.
PHILMAN; OTHER STAFF,

                              Defendants.

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, appearing *pro se*, brings this action alleging that, while he was in custody in the

Orange County Jail, Defendants violated his constitutional rights. By order dated April 1, 2019,

the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma*

*pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file a complaint

within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff Roland Barnes filed a motion and a declaration in support of his motion, purporting to assert a constitutional claim. He did not file a complaint. His submission is not the model of clarity, but to the extent the Court can understand the allegations in Plaintiff's declaration, he appears to assert that he was denied adequate medical care while he was in custody at the Orange County Jail. In his declaration, Plaintiff alleges the following facts. Plaintiff was not given medical care for his right ear; he was given wrong information, and Defendant Dr. Philman refused to send him to an outside doctor for pain in his right ear. It is unclear who, but Plaintiff appears to assert that someone put a "Q-Tip" in his right ear, causing damage to his eardrum. Plaintiff was released from the Orange County Jail in June 2018 and had surgery to treat TMJ. The doctor who treated Plaintiff told him that the TMJ was a result of the inadequate care that he received in the Orange County Jail.

Plaintiff seeks $2.5 million "for pain n suffing [sic] medical miss hap [sic]." (Decl. at 2.)

## DISCUSSION

Because Plaintiff asserts a claim that Defendants violated his constitutional rights, his claim is construed as arising under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A.      Rule 3 of the Federal Rules of Civil Procedure

Plaintiff filed a notice of motion and a declaration, but did not submit a complaint, which is required to commence a civil action in this Court. *See* Fed. R. Civ. P. 3. Plaintiff is therefore directed, if he wishes to proceed with a civil action in this Court, to submit a complaint with an original signature to the Court within sixty days of the date of this order.[2]

## B.      Deliberate Indifference

The Court construes the allegations in Plaintiff's declaration as asserting that Defendants violated his rights under the Eighth or Fourteenth Amendments of the United States Constitution by being deliberately indifferent to his serious medical needs.[3] To state such a claim, a plaintiff must allege that a correction official was deliberately indifferent to a substantial risk of serious harm to the Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Where that harm results from medical treatment or lack thereof, the Plaintiff must show that he had a "serious medical need." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). A convicted prisoner must show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. A pretrial detainee must show that "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with

---

[2] A Civil Rights Complaint form is attached to this order.

[3] If Plaintiff was a pretrial detainee during the events that are the basis of his claims, his condition-of-confinement claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted prisoner, such claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Here, Plaintiff fails to allege facts suggesting that prison officials were deliberately indifferent to his medical needs. Plaintiff alleges that he was taken to the medical clinic and he was seen by Dr. Philman. Although Plaintiff alleges that he did not receive medical attention by an outside physician, he fails to allege what pain, if any, he experienced during that time; whether he informed prison officials of those issues; and how many requests for medical attention, if any, he made to prison officials during his detention. Plaintiff does not plead any facts showing that any individual at Orange County Jail knew or should have known that he had a serious medical need and that the individual was deliberately indifferent to that need. Plaintiff thus fails to state a claim for deliberate indifference to a serious medical need.

## C.    Leave to Replead

Because Plaintiff is proceeding *pro se*, and it is not clear that granting leave to replead would be futile, the Court grants Plaintiff leave to replead his claim that prison officials at the Orange County Jail were deliberately indifferent to his serious medical needs. Plaintiff must sufficiently detail his claims in accordance with the standards above.

Plaintiff must name as the defendants in the caption, and in the statement of claim, those individuals who were allegedly involved in the deprivation of his federal rights. And Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant he names. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true

identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Should Plaintiff replead his claims in a complaint, he must, to the greatest extent possible:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's complaint will completely replace, not supplement, his original submission, any facts or claims that Plaintiff wishes to maintain must be included in the complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file a complaint that complies with the standards set forth above. Plaintiff must submit the complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an

"Complaint," and label the document with docket number 18-CV-12288 (CM). An Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 26, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name              Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                    State                    Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:    _____

Date(s) of occurrence:    _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated

Plaintiff's Signature

First Name          Middle Initial          Last Name

Prison Address

County, City                    State                    Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: