UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ROLAND BARNES,                                :
                Plaintiff,            :
                                              :
v.                                            :    **OPINION AND ORDER**
                                              :
CORRECT CARE SOLUTIONS, LLC; DR.              :    18 CV 12288 (VB)
PHILMAN; and OTHER STAFF of the Orange        :
County Jail Medical Department,               :
                Defendants.           :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Roland Barnes, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against defendants Correct Care Solutions, LLC ("CCS"), Dr. Sorrel Feldman (incorrectly sued herein as Dr. Philman), and other staff of the Orange County Jail ("OCJ"), namely, an unidentified nurse ("Jane Doe").[1] Liberally construed, plaintiff's complaint asserts a Fourteenth Amendment claim for deliberate indifference to serious medical needs concerning his medical treatment at OCJ.

      Now pending is the unopposed motion of CCS and Dr. Feldman (together, the "moving defendants") to dismiss the complaint pursuant to Rule 12(b)(6).[2]  (Doc. #17).

---

[1] By letter dated September 12, 2019, defense counsel stated the identity of Jane Doe could not be ascertained based on plaintiff's description of same in the complaint. Accordingly, by Order dated September 13, 2019, the Court instructed plaintiff to provide a more detailed description of Jane Doe so that she could be identified and served. (Doc. #16). On December 4, 2019, the Court received a letter from plaintiff, in which plaintiff failed to provide new, meaningful information to identify this defendant. (Doc. #26). Accordingly, by Order dated December 5, 2019, the Court declined to instruct defense counsel to take additional measures to identify Jane Doe. (Doc. #28). The Court noted that if the identity of this defendant later became apparent, the Court would again address the issue, if need be. (Id.).

[2] Plaintiff failed to oppose the motion, despite having been granted an extension of time in which to do so. (See Doc. #25). By Order dated January 14, 2020, the Court deemed the motion fully submitted and unopposed. (Doc. #29).

1

For the reasons set forth below, the motion is GRANTED, and plaintiff's claims against Jane Doe are also dismissed.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below.

Plaintiff alleges that in 2016 or 2017, he was a parole detainee confined to OCJ. He further alleges that at some point during that time, Dr. Feldman examined and misdiagnosed him with an ear infection. Thereafter, according to plaintiff, Jane Doe—an unidentified nurse—placed a cotton swab in plaintiff's right ear, which plaintiff alleges scarred his ear drum and caused hearing loss.

Plaintiff alleges that following the incident with his ear, he complained to Dr. Feldman of pain and asked that an MRI be conducted. According to plaintiff, Dr. Feldman declined to order an MRI.

At some time thereafter, when plaintiff was no longer confined to OCJ, he visited an ear doctor who recommended plaintiff undergo surgery for his "TMJ," or temporomandibular joint dysfunction. (See Doc. #10 ("Compl.") at 4). Plaintiff alleges he underwent the surgery and now has scars on his face as a result. Plaintiff further alleges he required this surgery because Dr. Feldman and other medical staff at OCJ failed adequately to diagnose and treat his medical condition.

**DISCUSSION**

I.     Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[3]  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).  Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations.  See Sealed Plaintiff v.

---

[3]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).  "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010).  Nor may the Court "invent factual allegations" a plaintiff has not pleaded.  Id.

II.     Deliberate Indifference to Serious Medical Needs Claim

The moving defendants argue plaintiff fails plausibly to allege a Fourteenth Amendment deliberate indifference to serious medical needs claim against Dr. Feldman.

The Court agrees.

As an initial matter, plaintiff alleges he was a parole violator when he received allegedly inadequate medical care at OCJ.  Thus, it is unclear from plaintiff's complaint whether he was a pretrial detainee or a convicted prisoner, and therefore whether to analyze his deliberate indifference claim under the Eighth or Fourteenth Amendment.  See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

"This Circuit has not fully addressed whether a probationer awaiting disposition of his revocation proceeding is considered a prisoner or a pretrial detainee for purposes of the Eighth Amendment."  Reinoso-Delacruz v. Ruggerio, 2019 WL 2062434, at *2–3 (D. Conn. May 9, 2019).[4]  Nonetheless, some courts have held alleged probation violators are akin to pretrial detainees and thus analyzed their claims under the Due Process Clause of the Fourteenth Amendment.  See id. (treating as a pretrial detainee a plaintiff who "was not found guilty of violating his probation until after" the alleged conduct had occurred).

---

[4]     Plaintiff will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

In their memorandum of law, CCS and Dr. Feldman treat plaintiff's status as an alleged parole violator as equivalent to a pretrial detainee. The Court does the same.

A. Legal Standard

Deliberate indifference claims brought by pretrial detainees are analyzed under the Fourteenth Amendment, rather than the Eighth Amendment, because "[p]retrial detainees have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise." Darnell v. Pineiro, 849 F.3d at 29. A "detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the [defendants] acted with deliberate indifference to the challenged conditions." Id. To state such a claim, plaintiff's allegations must satisfy two prongs: an objective prong and a mens rea prong. Namely, plaintiff must plausibly allege "that the challenged conditions were sufficiently serious," and defendants "acted with at least deliberate indifference to the challenged conditions." Id.

To adequately plead the objective prong, a plaintiff must plausibly allege the challenged conditions, "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." Darnell v. Pineiro, 849 F.3d at 30. "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, the conditions themselves must be evaluated in light of contemporary standards of decency." Id.

In the context of medical care, two inquiries determine whether a deprivation is objectively serious. "The first inquiry is whether the prisoner was actually deprived of adequate medical care." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). Because prison officials' "duty is only to provide reasonable care," prison officials are liable only if they fail "'to

5

take reasonable measures' in response to a medical condition." Id. at 279–80 (quoting Farmer v. Brennan, 511 U.S. 825, 827 (1994)).

The second inquiry is "whether the inadequacy in medical care is sufficiently serious." Salahuddin v. Goord, 467 F.3d at 280.  This question "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner."  Id. (citing Helling v. McKinney, 509 U.S. 25, 32–33 (1993)).  If the allegedly offending conduct "is a failure to provide any treatment for an inmate's medical condition, courts examine whether the inmate's medical condition is sufficiently serious."  Id.  Relevant factors in determining "the seriousness of the medical condition include whether 'a reasonable doctor or patient would find [it] important and worthy of comment,' whether the condition 'significantly affects an individual's daily activities,' and whether it causes 'chronic and substantial pain.'"  Id. (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)).

To properly plead the mens rea prong, a plaintiff must plausibly allege "that the defendant-official acted intentionally . . . , or recklessly failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the defendant-official knew, or should have known," of the risk.  Darnell v. Pineiro, 849 F.3d at 35.  The Fourteenth Amendment's mens rea prong "is defined objectively" and "can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm."  Id.  Mere negligence by the prison official, however, does not satisfy the mens rea requirement.  See id. at 36.

Moreover, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim.  So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to" a constitutional violation.

Chance v. Armstrong, 143 F.3d at 703.  "Thus, disagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim."  Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. May 21, 2001).

> B.   Dr. Feldman

Plaintiff fails adequately to plead Dr. Feldman deprived plaintiff of adequate medical care.  Plaintiff's allegations suggest Dr. Feldman examined plaintiff to discern the cause of his complained-of ear pain, and diagnosed plaintiff with an ear infection.  Plaintiff fails to allege what medical condition Dr. Feldman failed to diagnose, or what symptoms, if any, Dr. Feldman failed to treat.  Indeed, the complaint does not allege Dr. Feldman had reason either to know plaintiff had, or to diagnose plaintiff with, TMJ, and the pleading is devoid of any plausible allegation that Dr. Feldman failed to provide reasonable medical care under the circumstances.  And to the extent plaintiff alleges he was injured as a result of Jane Doe's placement of a cotton swab in his ear, such allegations do not involve Dr. Feldman.

Moreover, plaintiff's allegations also fail to satisfy the mens rea prong of the deliberate indifference analysis with respect to Dr. Feldman's alleged conduct.  Here, plaintiff alleges Dr. Feldman misdiagnosed as an ear infection an unidentified medical issue, and thereafter refused to order an MRI despite plaintiff's request for same.  But disagreements over forms of treatment and diagnostic techniques are insufficient to satisfy the subjective prong of the constitutional analysis.  That plaintiff believes he should have received some other form of treatment does not alter this outcome, nor does it render the treatment provided inadequate, unreasonable, or indifferent to a serious risk of harm.  At most, plaintiff's allegations sound in negligence, but nothing more, and thus are insufficient to satisfy the constitutional standard.  See Darnell v.

Pineiro, 849 F.3d at 36.  Accordingly, plaintiff's allegations fail plausibly to suggest Dr. Feldman knew, or should have known, that the treatment provided unreasonably subjected plaintiff to a serious risk of harm.

      C.      Jane Doe

Plaintiff's Fourteenth Amendment deliberate indifference claim against Jane Doe must be dismissed as well, as plaintiff fails plausibly to allege the mens rea prong.  Indeed, absent from the complaint is any plausible allegation that Jane Doe consciously or recklessly disregarded a serious risk of harm by placing a cotton swab in plaintiff's ear, or that, even without any subjective awareness, her conduct exposed plaintiff to a substantial risk of harm.  Moreover, as noted above, mere negligence—even if plausibly alleged—does not satisfy the mens rea requirement of the constitutional deliberate indifference analysis.  For these reasons, plaintiff fails plausibly to allege Jane Doe knew, or should have known, her conduct amounted to deliberate indifference to a serious risk of harm to plaintiff.

Accordingly, for the above reasons, plaintiff fails adequately to allege a Fourteenth Amendment deliberate indifference claim against Dr. Feldman and Jane Doe.

III.     Monell Claim

The moving defendants argue plaintiff fails to state a claim against CCS pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978).

The Court agrees.

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury."  Monell v. Dep't of Soc. Servs., 436 U.S. at 694.  "Although the Supreme Court's interpretation of [Section] 1983 in

Monell applied to municipal governments and not to private entities acting under color of state law, case law . . . has extended the Monell doctrine to private [Section] 1983 defendants acting under color of state law." Candelario v. Quality Choice Corr. Healthcare, 2017 WL 3049553, at *5 (S.D.N.Y. July 18, 2017) (collecting cases). Thus, to assert a Section 1983 claim against CCS, plaintiff must allege the existence of an official policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012).

Here, plaintiff's complaint does not contain any allegations against CCS. Moreover, plaintiff does not adequately plead an underlying violation of his constitutional rights by any of the defendants. Accordingly, to the extent plaintiff's complaint contains a Monell claim against CCS, it is dismissed. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (district court "was entirely correct" in declining to address a Monell claim after finding no underlying constitutional violation). Moreover, Section 1983 liability cannot be predicated on a theory of respondeat superior. See City of Canton v. Harris, 489 U.S. 378, 385 (1989).

IV.     State Law Claims

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006).

Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims that may be construed from plaintiff's complaint.

V.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Terry v. Inc. Vill. of Patchogue, 826 F.3d 631, 633 (2d Cir. 2016). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

The complaint, even liberally construed, contains no allegations suggesting plaintiff has a valid constitutional claim against any defendant that plaintiff "inadequately or inartfully pleaded" and "should therefore be given a chance to reframe." See Cuoco v. Moritsugu, 222 F.3d at 112. The problems with plaintiff's claims are substantive, and better pleading will not cure them. For these reasons, amendment would be futile.

Accordingly, the Court concludes plaintiff would not be able to state a valid claim against any defendant if given an opportunity to amend his pleading.

**CONCLUSION**

The motion to dismiss is GRANTED.

Plaintiff's claims against all defendants are dismissed.

The Clerk is instructed to terminate the motion (Doc. #17) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  June 29, 2020
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge